```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ALPHONSO PROSPERITY SMITH,

                     Petitioner,

vs.                           Case No. 2:05-cv-160-FtM-29DNF

Secretary, Florida Department of Children and Families, FLORIDA ATTORNEY GENERAL,

                     Respondents.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Alphonso Smith, a civil detainee at the Florida Civil Commitment Center. (Doc. #1.) Respondent filed a Response (Doc. #10.) Petitioner filed a Reply. (Doc. #11.)

Petitioner filed his Petition as a convicted state felon who is currently detained at the Florida Civil Commitment Center ("FCCC") awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce trial"), pursuant to Fla. Stat. § 394.910-.931. In the Petition, Petitioner seeks release through issuance of a writ of *habeas corpus* from the FCCC, arguing that his current confinement at the FCCC is unlawful and unconstitutional. In pertinent part, Petitioner alleges that because he was not in lawful custody as a result of a sentencing error by the state courts, Petitioner should have been released from custody prior to the time the state of Florida enacted the Jimmy Ryce Act. Petition at 5-6. Essentially, Petitioner argues that the Jimmy Ryce Act does not apply to him.

In Response, Respondents argue, *inter alia*, that Petitioner has not exhausted his state court remedies. Response at 1. Alternatively, Respondents argue that if Petitioner's remedies are deemed exhausted, then he has not filed a timely Petition. Id. Notably, Respondents aver that Petitioner has not been convicted because he has not had his Jimmy Ryce trial. Id. at 2-3, Exh. 1 copy of docket sheet from the Second Judicial Circuit Court. Because Petitioner's arguments raised *sub judice* could be raised during Petitioner's Jimmy Ryce trial, Respondents contend that Petitioner has an adequate state forum to raise his arguments. Id. at 4.

According to a June 7, 2007, search of the Second Judicial Circuit Court, case number 1999CA898, Petitioner has not had his Jimmy Ryce trial. See www.cvweb.clerk.leon.fl.us  The case status indicates that the case remains "open." Id.  The docket sheet reflects that the last entry was a Joint Case Management Report submitted on February 17, 2006. Id. Considering that Petitioner's civil commitment trial proceedings remain pending, dismissal of this Petition is warranted.  Petitioner has not yet been declared a sexually violent predator in need of commitment under the Jimmy Ryce Act because the Jimmy Ryce trial has not yet been conducted. If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Petitioner would have the right to appeal the decision and exhaust his constitutional claims in the state courts. Alternatively, the Jimmy Ryce trial may conclude in his favor and result in Petitioner's release, thus mooting this Petition.

Because it appears that Petitioner's Jimmy Ryce trial has not yet taken place, the Court determines that the Petition should be dismissed as premature. See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F.3d 1345 (11th Cir. 2002) (federal habeas petition was not ripe for review when state judgment was not yet final).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's Petition for the Writ of Habeas Corpus (Doc. #1) is **DISMISSED** without prejudice except as to any application of the federal statute of limitations or other procedural bars that may apply.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __11th__ day of June, 2007.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record